**SIGNED THIS: December 08, 2005**

_____
**LARRY LESSEN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re                          )
                               )   In Bankruptcy
PAUL S. CARLSON and            )
LYNNE D. CARLSON,              )   Case No. 04-73994
                               )
          Debtors.             )
_____)
                               )
CAPITAL CONSTRUCTION           )
SERVICES, LLC,                 )
                               )
          Plaintiff,           )
                               )
    v.                         )   Adversary No. 05-7005
                               )
PAUL S. CARLSON,               )
                               )
          Defendant.           )
```

## O P I N I O N

This matter is before the Court on the Defendant's Motion for Summary Judgment and the Plaintiff's Response thereto.

-1-

On this date, the Court has entered an Opinion in <u>Robert T. Pierce and Patricia A. Pierce v. Paul S. Carlson</u>, Adversary No. 05-7004.  In that adversary proceeding and in the above-captioned adversary proceeding, the named Plaintiffs are represented by the same counsel and the pleadings filed in both cases are, with the exception of the case caption and number, virtually identical. Accordingly, the Court incorporates the factual findings and legal conclusions set forth in the Opinion entered in Adversary No. 05-7004 herein, and for the reasons set forth in that Opinion, grants the Defendant's Motion for Summary Judgment as to Counts I, II, and III of the Complaint filed in this adversary proceeding as well.

Additionally, the Complaint filed in this adversary is materially deficient in other respects which would provide further bases for granting judgment to the Defendant pursuant to Fed.R.Bankr.P. 7056.  First, there is nothing in the record to suggest that Capital Construction Services, LLC, is or was duly authorized to file the Complaint.  Second, the Complaint is not signed in a corporate capacity.  Third, Paragraph 48 of the Complaint indicates that the filing of the Defendant's bankruptcy petition resulted in the automatic dissolution of Capital Construction Services, LLC, pursuant to the terms of its Operating Agreement.  Accordingly, the named Plaintiff was not in existence at the time the adversary Complaint was filed.  Fourth, there is no authority submitted - nor is the Court aware of any such authority

- that would permit a limited liability company to file an adversary complaint against one of its equal co-owners.

For all of the reasons stated in the Opinion entered this date in Adversary No. 05-7004, and for the other reasons stated herein, Defendant's Motion for Summary Judgment is granted as to Counts I, II and III of Plaintiff's Complaint and judgment is entered in favor of the Defendant on all three counts.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###